**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS ERNESTO GUEVARA SANCHEZ,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-460-KC** |
| **TODD M. LYONS et al.,** | § § § | |
| **Respondents.** | § | |

<u>**ORDER**</u>

On this day, the Court considered Luis Ernesto Guevara Sanchez's Petition for a Writ of Habeas Corpus, ECF No. 1. Guevara Sanchez is currently detained at the El Paso Processing Center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 46–65; *see id.* at 19–20.

Guevara Sanchez entered the United States in 2022, and upon entry, immigration authorities apprehended and detained him. *Id.* ¶ 41. Then, at some point, immigration authorities released Guevara Sanchez and granted him Temporary Protective Status ("TPS"). *Id.* ¶¶ 41, 44. On July 21, 2025, Immigration and Customs Enforcement ("ICE") detained him again. *Id.* ¶ 1. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Guevara Sanchez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 668–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Guevara Sanchez's case warrant a different outcome." *Id.* at 1–2.

Respondents argue that Guevara Sanchez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1, ECF No. 3.

Guevara Sanchez argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, and on constitutional due process grounds. Pet. ¶¶ 46–65; *see id.* at 19–20. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Guevara Sanchez's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Guevara Sanchez's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–24, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct.

30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Guevara Sanchez's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Guevara Sanchez's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Guevara Sanchez's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 5, 2026**, Respondents shall either: (1) provide Guevara Sanchez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Guevara Sanchez's continued detention; or (2) release Guevara Sanchez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 5, 2026**, Respondents shall **FILE** notice informing the Court whether Guevara Sanchez has been released from custody.  If Guevara Sanchez has not been released from custody, Respondents shall inform the Court

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Guevara Sanchez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

whether and when a bond hearing was held in accordance with the preceding paragraph.

Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Guevara Sanchez is released from custody,

Respondents shall **RETURN** all of his personal property in their custody to him upon release.

Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 5, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 26th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE